FREEMAN E. FORSYTH, Respondent, v. MANUFACTURERS TRUST COMPANY et al., Defendants, and HANDI-MAN CO., INC., Appellant.— Order denying appellant's motion for leave to serve an amended answer to allege affirmatively under the provisions of section 29 of the Workmen's Compensation Law that plaintiff is not the real party in interest for the reason that the action was not commenced within six months after the making and acceptance of an award of compensation thereunder or within one year after accrual of the cause of action, affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Carswell, Sneed and MacCrate, JJ., concur; Adel, J., dissents and votes to reverse the order and to grant the motion, with the following memorandum: The action was commenced on August 30, 1949. The motion to amend appellant's answer was brought on by notice of motion dated January 8, 1951, returnable on January 29, 1951. At that time the three-year Statute of Limitations during which the compensation carrier of plaintiff's employer could maintain an action for the injuries sustained by the plaintiff had not expired. Indeed, it would not expire until March 17, 1951. Plaintiff procured various adjournments of the motion over the objection of the moving party, and it was not until March 5, 1951, that the motion was argued. Special Term denied the motion on April 6, 1951, primarily on the ground that the three-year Statute of Limitations had then expired. Under these facts, I am of the opinion that the motion should have been granted. It is the stated policy of our courts to be liberal in allowing amendments of pleadings, and while applications for such relief are addressed to the discretion of the court, they are invariably granted to the end that the parties may have the opportunity to raise and have determined such questions as affect their respective interests. It is only when gross laches on the part of the moving party has operated to the prejudice of any of the parties that permission to amend should be denied. That is not the situation here. [See *post*, p. 950.]

LEO J. GILLIES, Respondent, v. WHITENGECO VENEZOLANA, S. A., Appellant, et al., Defendants.— Appeal withdrawn pursuant to stipulation. Present — Carswell, Acting P. J., Johnston, Adel, Wenzel and MacCrate, JJ.

MYRTLE HAWLEY, Respondent, v. HOME SAVINGS BANK OF WHITE PLAINS et al., Defendants, and AUGUSTA S. LONG, as Executrix and Trustee under the Will of THEODORE H. LONG, Deceased, Appellant.— Action to recover damages for the alleged taking of two mortgages by means of forged assignment instruments, which were executed as part of a conspiracy, and in which it is alleged that plaintiff did not discover the acts complained of until more than twenty years after their commission. Order denying appellant's motion, under subdivision 6 of rule 107 of the Rules of Civil Practice, to dismiss the amended complaint, on the ground that the causes of action did not accrue within the time limited by law for the commencement of an action thereon, with leave to allege the same facts in an answer as a defense, affirmed, insofar as appealed from, with $10 costs and disbursements, with leave to the appellant to answer within ten days from the entry of the order hereon. No opinion. Nolan, P. J., Carswell, Adel, Sneed and MacCrate, JJ., concur.